UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELICIA RHODMAN,

    Plaintiff,

v.                                                                                            Case No. 05-73610

CHURCH'S FRIED                                                        HONORABLE AVERN COHN
CHICKEN, an assumed name for
FALCON HOLDINGS, L.L.C.,

    Defendant.

_____/

## MEMORANDUM AND ORDER GRANTING
## DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS[1]

### I. Introduction

This is a tort case. Plaintiff Delicia Rhodman (Rhodman) is suing defendant, Church's Fried Chicken, an assumed name for Falcon Holdings, L.L.C. (Falcon), for negligence. Before the court is Falcon's motion for judgment on the pleadings. For the reasons that follow, the motion is GRANTED.

### II. Background

Falcon operates a restaurant in Detroit, Michigan. Rhodman alleges that in March of 2003, she sustained injuries as a result of a slip and fall in the women's restroom at the restaurant. On August 8, 2005, Rhodman filed a complaint in state court for personal injuries naming Church's Fried Chicken, as assumed name for AFC

---

[1]The Court originally scheduled this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

enterprises, Inc. (AFC), as a defendant.  AFC is the franchisor of the Church's Fried Chicken restaurant at issue.  Unbeknownst to Rhodman at the time of filing, however, Falcon, as the Church's Fried Chicken <u>franchisee</u>, solely retained possession and control of the subject premises.  Rhodman did not name Falcon as a defendant when she filed her complaint.

On September 12, 2005, counsel for Falcon sent Rhodman's counsel a letter stating that AFC is not a proper party to the lawsuit and that the franchisee and proper party defendant is Falcon.

On September 20, 2005, AFC removed the case to this Court based upon diversity jurisdiction.  On November 8, 2005, the Court held a preliminary pretrial conference on the case.  On November 15, 2005, the Court issued a pretrial and scheduling order.

On January 26, 2006, on stipulation of the parties, the Court entered an order dismissing AFC with prejudice, and allowing plaintiff to amend her complaint to name Falcon as a party defendant.

On April 10, 2006, the Court entered an order to show cause why the action should not be dismissed for lack of prosecution by April 26, 2006.

On April 12, 2006, Rhodman filed an Amended Complaint which named Falcon as the defendant.

On April 20, 2006, the Court entered an order dismissing order to show cause.

On July 20, 2006, Falcon filed the instant motion.

### III.  Discussion

### A.  Legal Standard

Fed. R. Civ. P. 12(c) provides that, "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Judgment may be granted under Rule 12(c) where the movants clearly establish that no material issue of fact remains to be resolved and that they are entitled to judgment as a matter of law.  Beal v. Missouri Pacific R.R., 312 U.S. 45 (1941); 5 C. Wright & A. Miller, Federal Practice and Procedure (hereinafter Wright & Miller) § 1368, p. 518.  All well-pleaded material allegations of the pleadings of the opposing party must be taken as true, while all contravening assertions in the movants' pleadings are taken as false. Given this standard, the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.  Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478 (6th Cir. 1973); 5 Wright & Miller, § 1368, p. 520.

### B.  Analysis

Falcon argues that judgment on the pleadings is appropriate because Rhodman's claim is barred by the statute of limitations.  Michigan has a three-year statute of limitations for personal injury claims.  See M.C.L. 600.5805(10).  Bradley v. Macomb County, 370 F. Supp. 2d 607 (E.D. Mich. 2005); Dunlap v. Sheffield, 442 Mich 195 (1992).  Rhodman alleges that she was injured in March of 2003.  Therefore, the statute of limitations to file a personal-injury lawsuit against Falcon expired on or about March 31, 2006.  Rhodman filed her complaint in state court naming AFC as a defendant on August 8, 2005, within the statute of limitations.  However, Rhodman did

3

not file her Amended Complaint naming Falcon as defendant until April 12, 2006, at least two weeks after the statute of limitations expired. Thus, the issue is whether the Amended Complaint relates back to the date of the original complaint.

As an initial matter, in arguing the applicability of Rule 15(c), Rhodman relies on Michigan cases interpreting a comparable rule. Rhodman's reliance on Michigan cases is misplaced. The question of whether an amendment relates back to the date of the original complaint is a question of federal procedural law, not state law. See Simmons v. South Central Skyworker's, 936 F.2d 268, 270 (6th Cir. 1991)

Fed. R. Civ. P. 15(c) provides:

(c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when
(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

At issue here is subsection 15(3), which allows an amendment changing a party even if the statute of limitations has run against that party if the new party had notice and will not be prejudiced and knew or should have known, but for a mistake as to identity, the action would have been brought against it.

Falcon says that 15(c)(3) does not apply because the Court of Appeals for the Sixth Circuit has held that "an amendment which adds a new party creates a new cause

of action and there is no relation back to the original filing for purposes of limitations." Marlowe v. Fisher Body, 489 F.2d 1057, 1064 (6th Cir. 1973). Instead, Rule 15(c)(3) "has been construed as permitting only correction of misnomers, not the addition or substitution of new parties." E.E.O.C. v. Regency Windsor Management Co., 862 F.2d 189, 190 (W.D. Mich. 1994). Falcon says that it is a new party and as such, the amended complaint does not relate back to the original complaint.

In support, Falcon relies on Regency Windsor, supra, an employment discrimination case where the plaintiff named Regency Windsor as the defendant employer. During discovery, it became apparent that the apartment complex where plaintiff worked was owned by another entity, Oakbrook, and managed by Regency Windsor. Plaintiff then amended her complaint to add Oakbrook. Oakbrook was added after the statute of limitations expired. Oakbrook moved for summary judgment on the grounds that the claim was time-barred and the amended complaint did not relate back to the filing of the original complaint. The district court granted the motion, stating:

> The Court is persuaded that the requirements of Rule 15(c)(3), as set forth above, are satisfied. Considering the agency relationship between Oakbrook and Windsor, and the shared responsibilities for management of the Battle Creek apartment complex, the Court concludes that Oakbrook was aware of this litigation early on, must have known that it could or should properly have been named as defendant, and is not prejudiced in maintaining a defense on the merits.
> In the Sixth Circuit, however, Rule 15(c) has been construed as permitting only correction of misnomers, not the addition or substitution of new parties. An amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.
> Plaintiff's first amended complaint does not correct a "misnomer;" it adds a party. To the extent plaintiff may have erred in its determination that Windsor alone was Dorothy Wright's employer, it is an error for which Rule 15(c) provides no remedy. It was plaintiff's responsibility to investigate and discover pertinent facts and it is not entitled to any tolling

5

of the limitation period while doing do.

862 F.2d at 190-91 (citations omitted).

This case is analogous to Regency Windsor. This is not a case where the correct party was served with the original complaint under the wrong name. The lawsuit started out against AFC, a separate and distinct entity from Falcon. There was no mistake as to the identity of the proper party. There was a lack of knowledge of the proper party. In her amended complaint, Rhodman added an entirely new party to the action, an entity which she had not attempted to name in the original complaint, and which she knew about as early as September of 2005 when her counsel received a letter stating that Falcon, not AFC, was the proper party. Despite this information, Rhodman did not file an amended complaint until April 12, 2006.

Rhodman says that she just named the wrong franchisee. That is not correct. She named AFC, the franchisor, in her original complaint. Falcon is the franchisee. Rhodman also says that Falcon had the same attorney as AFC and was aware of the suit as early as September 12, 2005 but further participated in discovery and discussions with her counsel. However, counsel for Falcon says that it is not counsel for AFC enterprises and never has been. Rather, counsel for Falcon says that it was granted permission by AFC to enter into a stipulation with Rhodman's counsel dismissing AFC with prejudice from the case. This is not a case where Falcon attempted to sandbag or failed to reveal the true relationship of the parties. There is no reason why Rhodman could not have added Falcon earlier in the case. Counsel for Falcon informed counsel for Rhodman of the proper party in September 2005, well before the statute of limitations expired. Rhodman took no action at that time. Then,

after the case was removed and after appearing for a conference with the Court, on January 26, 2006, still within the statute of limitations, Rhodman was allowed to file an amended complaint adding Falcon as a new defendant.  Rhodman waited another two and a half months before filing an amended complaint which appears to have been filed in response to an order to show cause.  In any event, the amended complaint does not relate back to the original complaint under Rule 15(c)(3).  As such, Rhodman's claim against Falcon is time-barred.

      SO ORDERED.

        s/Avern Cohn
       AVERN COHN
       UNITED STATES DISTRICT JUDGE

Dated:  October 19, 2006

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, October 19, 2006, by electronic and/or ordinary mail.

        s/Julie Owens
       Case Manager, (313) 234-5160